**Wolters Kluwer**

## Service of Process Transmittal Summary

**TO:**   Stephanie Frantz
Equipmentshare.Com
5710 BULL RUN DR
COLUMBIA, MO 65201-2860

**RE:**   **Process Served in Tennessee**

**FOR:**   EQUIPMENTSHARE.COM INC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MATTHEW BOND, HEIDI VENTO, and MARIO OLIVELLI vs. EQUIPMENTSHARE.COM INC |
| **CASE #:** | 240439 |
| **PROCESS SERVED ON:** | C T Corporation System, Knoxville, TN |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 07/01/2024 |
| **JURISDICTION SERVED:** | Tennessee |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Stephanie Frantz  stephanie.frantz@equipmentshare.com |
| | Email Notification,  John Griffin  john@equipmentshare.com |
| | Email Notification,  Rhiana Luaders  rhiana.luaders@equipmentshare.com |
| | Email Notification,  Melissa Null  melissa.null@equipmentshare.com |
| | Email Notification,  Jennifer Giacomazza  jennifer.giacomazza@equipmentshare.com |
| | Email Notification,  Onnalee Burns  onnalee.burns@equipmentshare.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 300 Montvue RD |
| | Knoxville, TN 37919 |
| | 866-539-8692 |
| | CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

BURNETTE, DOBSON & PINCHAK
ATTORNEYS AT LAW
711 CHERRY STREET
CHATTANOOGA, TENNESSEE 37402

7018 0360 0000 8255 9585

EQUIPMENTSHARE.COM, INC
c/o C T CORPORATION SYSTEM
300 MONTVUE ROAD
KNOXVILLE, TN 37919-5546



PITNEY BOWES
$9.17⁰
US POSTAGE
FIRST-CLASS
028W0002310853
2000237632
ZIP 37402
JUN 27 2024

# State of Tennessee
## IN THE CHANCERY COURT FOR HAMILTON COUNTY

MATTHEW BOND, HEIDI VENTO
and MARIO OLIVELLI

PLAINTIFF

VS.

DOCKET NO. 24-0439

EQUIPMENTSHARE.COM INC

DEFENDANT

# SUMMONS

TO DEFENDANT: ___. EquipmentShare.com In, via its Registered Agent: C T Corporation System ___

WHOSE ADDRESS IS ___ 300 Montvue Road, Knoxville, TN 37919-5546 ___

OTHER SERVICE INFORMATION ___ Plaintiff will serve via certified mail ___

You are summoned and required to Answer and make defense to a Complaint herewith served upon you. Your Answer to the Complaint must be filed and served upon plaintiff's attorney on or before thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. Your Answer must be filed in the OFFICE OF THE CLERK & MASTER, 625 Georgia Avenue, Room 300 Courthouse, Chattanooga, Tennessee 37402. You are also required to serve a copy of your Answer upon the plaintiff's attorney, or the *pro se* plaintiff as set out below. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

ISSUED & TESTED this 27 day of June ___, 20 24

ROBIN L. MILLER, CLERK & MASTER

By: ___

DEPUTY CLERK & MASTER

| | |
|---|---|
| H. Eric Burnette | 24342 |
| Plaintiff' Attorney | BPR# |
| or Plaintiff if no attorney (*pro se*) | |

711 Cherry Street
Address

Chattanooga, TN 37402

| | |
|---|---|
| (423) 266-2121 | (423) 266-3324 |
| Tel. N0. | Fax N0. |

**A TRUE COPY**
ROBIN L. MILLER, Clerk & Master
Chancery Court, Hamilton County, Tennessee
This 27 day of June, 20 24
By: ___ DC&M

**NOTICE TO DEFENDANT(S)**
Tennessee Code Annotated § 26-2-103 provides a $10,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and schoolbooks. Should any of these items be seized you, would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

# IN THE CHANCERY COURT OF HAMILTON COUNTY, TENNESSEE

|  |  |  |
|---|---|---|
| MATTHEW BOND, HEIDI VENTO, | ) | |
| and MARIO OLIVELLI | ) | NO.: 24-0439 |
| | ) | |
| Plaintiffs, | ) | PART _____ |
| | ) | |
| v. | ) | |
| | ) | |
| EQUIPMENTSHARE.COM INC | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Come Plaintiffs and sue Defendant for damages for unpaid salary and commissions in an amount to be proved at trial and believed to be in excess of $200,000. Plaintiffs would show unto the Court as follows:

### A. JURISDICTION AND VENUE

1. At all times material, Plaintiff Matthew Bond was a resident of Chattanooga, Hamilton County, Tennessee. Plaintiff was employed by Defendant in its Chattanooga, Tennessee, location as a Real Estate Development Manager.

2. At all times material, Plaintiff Heidi Vento was a resident of Chattanooga, Hamilton County, Tennessee. Plaintiff was employed by Defendant in its Chattanooga, Tennessee location as a Real Estate Development Manager.

2024 JUN 27 PH 2: 26

HAMILTON CO CL... FILED

3. At all times material, Plaintiff Mario Olivelli was a resident of Chattanooga, Hamilton County, Tennessee. Plaintiff was employed by Defendant in its Chattanooga, Tennessee location as a Real Estate Development Manager and then as the National Facilities and Property Manager.

4. Defendant, EquipmentShare.com Inc is a Delaware corporation with its principal place of business in Columbia Missouri.

5. Defendant maintained an office in Chattanooga Tennessee, which was staffed with approximately twenty employees who handled various facets of real estate acquisitions and property management for the company.

6. Defendant operates many locations throughout the United States, including four locations in Tennessee.

7. The matters giving rise to this action occurred while Plaintiffs were working out of the Defendant's Chattanooga office. This Honorable Court has jurisdiction over the parties and the subject matter of this lawsuit.

8. Defendant is a Delaware corporation authorized by the Tennessee Secretary of State to conduct business in the State of Tennessee and is subject to the laws of the State of Tennessee.


B.     FACTUAL BASIS OF PLAINTIFF'S CLAIMS

9. As part of Defendant's business growth strategy, it launched what it called the "Path to 600", which involved a campaign to establish 600 business locations by 2027.

10. In order to achieve 600 business locations by 2027, Defendant expected the real estate team to acquire between 70 and 100 properties each year.

11. To incentivize the Regional Real Estate Managers to locate and secure the purchase or lease of the properties, Defendant offered, as part of their compensation package, to pay the Real

2

Estate Managers a commission, sometimes referred to as a "property incentive" for each successful property acquisition and were to be calculated and paid on a quarterly basis.

12. These commissions or "property incentives" varied slightly depending on the nature of the transaction which are more specifically described herein.

13. Defendant paid the commissions according to the schedule for Quarter 1, Quarter 2, and Quarter 3 of 2023; however, Defendant has not paid the commission since.

14. Defendant's management team continued to assure the Plaintiffs that they would be paid all commissions owed, and Plaintiffs continued to diligently acquire acceptable properties for Defendant's business growth strategy.

15. As the Plaintiffs became increasingly vocal about the commissions they were owed, each Plaintiff was terminated.

**Facts Specific to Matthew Bond**

16. Plaintiff Matthew Bond was originally employed by Defendant on February 6, 2023, as a Regional Real Estate Manager. He was responsible for locating properties which were acceptable to Defendant, and then securing the purchase or lease of such properties, as well as facilitating the necessary permits for Defendant to establish a presence in the desired location.

17. Plaintiff Bond was paid a base salary of $65,000.00 per year. In addition to the base salary, Plaintiff was to be paid $3,500 per property purchase acquisition without buyer side representation, $2,500 per property purchase acquisition if there was buyer side representation, $2,500 per property lease acquisition, and $1,000 for the acquisition of a temporary "lay down yard".

18. The commissions which were occasionally referred to as "property incentives" were to be calculated and paid on a quarterly basis.

3

**19.** Following Quarter 1 of 2023, Plaintiff Bond had not yet closed any properties, however he received a KPI (Key Performance Indicator) bonus of $2,500.00 on June 6, 2023.

**20.** Following Quarter 2 of 2023, Plaintiff Bond had closed two properties; Defendant paid Plaintiff Bond $11,500 on August 25, 2023, which represented the commission on the two properties plus a KPI bonus.

**21.** During Quarter 3 of 2023, Plaintiff Bond closed eleven properties, on November 17, 2023, Defendant paid Plaintiff Bond $35,000.00 in commissions.

**22.** During Quarter 4 of 2023, Plaintiff Bond closed ten properties by purchase and two properties by lease.

**23.** As a result of Plaintiff Bond's 2023 Quarter 4 results, he is owed approximately $33,000.00 in commissions, for which he has never been paid.

**24.** During Quarter 1 of 2024, Plaintiff Bond closed nine properties by purchase.

**25.** As a result of Plaintiff Bond's 2024 Quarter 1 results, he is owed approximately $24,000.00 in commissions, which remains unpaid.

**26.** During Quarter 2 of 2024, Plaintiff Bond closed five properties by purchase.

**27.** As a result of Plaintiff Bond's 2024 Quarter 2 results, he is owed approximately $16,500.00 in commissions, which remains unpaid.

**28.** On numerous occasions Bond has inquired into the status of his commission payments.

**29.** On April 19, 2024, and May 3, 2024, Plaintiff Bond sent emails to Defendant's corporate officials asking for confirmation of when the commissions would be paid.

**30.** On May 13 while Plaintiff Bond was on a business trip, Defendant informed him that he had been terminated.

4

**31.** At the time of his termination, Plaintiff Bond was scheduled to be in New Jersey and Boston for meetings for three additional days.

**32.** Defendant deactivated Plaintiff's corporate credit card leaving him temporarily stranded in Newark New Jersey.

**33.** As a result of Plaintiff Bond's efforts, he was the procuring cause on thirteen additional properties which were either under contract at the time of his termination or awaiting Defendant to sign the contract.

**34.** The thirteen pending properties would have entitled Plaintiff Bond to approximately $41,000 in commissions.

**35.** Plaintiff Bond is owed approximately $114,500 in unpaid commissions by Defendant and is owed KPI bonuses for the last four quarters of his employment with Defendant in an amount to be proved at trial.

**Facts Specific to Heidi Vento**

**36.** Plaintiff Heidi Vento was originally employed by Defendant on August 22, 2022, as a Regional Real Estate Manager. She was responsible for locating properties, which were acceptable to Defendant, and then securing the purchase or lease of such properties, as well as facilitating the necessary permits for Defendant to establish a presence in the desired location.

**37.** Plaintiff Vento was paid a base salary of $65,000. In addition to the base salary, Plaintiff was to be paid $3,500 per property purchase acquisition without buyer side representation, $2,500 per property purchase acquisition with buyer side representation, $2,500 per property lease acquisition, and $1,000 for the acquisition of a temporary "lay down yard".

**38.** The commissions were to be calculated and paid on a quarterly basis.

5

39. Following Quarter 1 of 2023, Defendant paid Plaintiff Vento commissions in the net amount of $6,116.23 on June 9, 2023.

40. Following Quarter 2 of 2023, Defendant paid Plaintiff Vento commissions in the net amount of $9,497.25 on August 25, 2023.

41. Following Quarter 3 of 2023, Defendant paid Plaintiff Vento commissions in the net amount of $9,145.00 on November 17, 2023.

42. During Quarter 4 of 2023, Plaintiff Vento closed eight properties by purchase or lease.

43. Plaintiff's supervisor Keith Barclift assured her that he had calculated her commission and bonus to be $26,327.00 for quarter four of 2023 and he forwarded that to Bill Burch and Jabbok Schlack in Defendant's corporate office for payment processing.

44. As a result of Plaintiff Vento's 2023 Quarter 4 results, she is owed approximately $26,327.00 in commissions, which remain unpaid.

45. During Quarter 1 of 2024, Plaintiff Vento closed eight properties by purchase.

46. As a result of Plaintiff Vento's 2024 Quarter 1 results, she is owed approximately $25,000.00 in commissions which remain unpaid.

47. To date Defendant has not paid the commissions owed to Plaintiff Vento.

48. During April 2024, Plaintiff Vento became increasingly vocal about Defendant's refusal to pay the commissions which were owed to her and her counterparts.

49. On April 19, 2024, Plaintiff Vento formalized her demand for a payout of her commissions in an email to Defendants' senior leadership including EquipmentShare's owner, Jabbok Schlacks, Executive Committee member, Mark Wopata, Human Resources Director David Adam as well as her supervisors Bill Burch and Keith Barclift.

6

**50.** Plaintiff Vento refused to remain silent about the commissions owed to her and demanded payment of the unpaid commissions in emails to Defendant's upper management.

**51.** On May 13, 2024, Plaintiff Vento was informed that her employment was terminated.

**52.** To date Defendant has not paid the commissions and bonuses owed to Plaintiff Vento.

**Facts Specific to Mario Olivelli**

**53.** Plaintiff Mario Olivelli was originally employed by Defendant on February 6, 2023, as a Regional Real Estate Manager, where he was responsible for locating properties which were acceptable to Defendant, and then securing the purchase or lease of such properties, as well as facilitating the necessary permits for Defendant to establish a presence in the desired location.

**54.** Plaintiff Olivelli was paid a base salary of $65,000.00. In addition to the base salary, Plaintiff was to be paid $2,500 per successful property acquisition.

**55.** On or about September 18, 2023, Plaintiff Olivelli became the National Facilities and Property Manager where he was responsible for obtaining Certificates of Occupancies, business licenses and other necessary permits to comply with municipal ordinances. This position also included supervisory oversight of three employees.

**56.** In Plaintiff Olivelli's new position he was changed from a "per successful transaction" commission to a performance-based bonus of up to $35,000 per year, however Plaintiff Olivelli was assured that the properties which were presently under contract and would be paid under the $2,500 per transaction formula.

**57.** Prior to making the change to National Facilities and Property Manager, Plaintiff Olivelli was paid the $2,500 per successful transaction on nine transactions during Quarter 2 and Quarter 3 of 2023.

7

58. Following Quarter 3 of 2023, Defendant delayed paying Plaintiff Olivelli the commissions he was owed until Plaintiff Olivelli threatened to contact the Department of Labor on November 30, 2023.

59. On December 13, 2023, Plaintiff Olivelli finally received the commission he was owed for his performance from Quarter 3 of 2023.

60. During Quarter 4 of 2023, Plaintiff Olivelli had eight additional properties close successfully.

61. As a result of the properties Plaintiff Olivelli closed in Quarter 4 of 2023, he is owed $20,000 in commissions.

62. In addition to the commissions owed to Plaintiff Olivelli, he was informed by Bill Burch, Defendant's Director of New Construction that he was going to receive a $15,000 bonus for his Quarter 4 2023 performance in the newly created position of National Facilities and Property Manager.

63. To date Defendant has not paid the commissions owed to Plaintiff Olivelli.

64. To date Defendant has not received the Quarter 4 bonus he was promised by Defendant.

65. Prior to his termination, Plaintiff Olivelli demanded that he be paid the commission he was owed.

66. On February 13, 2024, Plaintiff Olivelli received notice that he was being terminated.

67. On February 15, 2024, Plaintiff Olivelli responded to Defendant's HR department demanding the payment of the commissions to which he was entitled.

68. Defendant's corporate representative informed Plaintiff Olivelli that no such agreement existed.

8

## C. PLAINTIFFS' CLAIMS

### CLAIM 1: BREACH OF CONTRACT

69. Plaintiffs adopt and reiterate the allegations contained in paragraphs 1 through 69 as if fully restated herein.

70. The Defendant has materially breached the employment contract by refusing to pay the commissions owed to Plaintiffs.

71. The actions described herein constitute a breach of the implied terms of its contractual relationship with Plaintiffs, based upon the course of dealings between the parties.

72. The Defendant made an offer to Plaintiffs to pay certain commissions in exchange for successfully completing certain real estate transactions described herein.

73. Plaintiffs accepted the offer by agreeing to perform the transactions in exchange for the commission structure described herein.

74. There was adequate consideration for the agreements reached.

75. The course of dealings between the parties during Quarter 1, Quarter, 2, and Quarter 3 of 2023 established the contractual relationship of the commission structure between the parties.

76. The Defendant has materially breached the payment structure agreement between the parties by refusing to pay the commissions owed to Plaintiffs.

77. Plaintiffs have suffered damages as a result.

### CLAIM 2: RETALIATORY DISCHARGE

78. Plaintiffs adopt and reiterate the allegations contained in paragraphs 1 through 77 as if fully restated herein.

9

79. Defendant retaliated against Plaintiffs by terminating their employment when they refused to remain silent about their unpaid commissions.

80. Plaintiffs' attempts to exercise rights protected by public policy and the laws of the State of Tennessee (T.C.A. § 50-2-103, § 50-2-104); their rights to receive compensation they were owed by their employer, was a substantial motivating factor in Defendant's decision to terminate Plaintiffs. Plaintiffs are not attempting to assert a private cause of action based upon T.C.A. § 50-2-103 and § 50-2-104, rather these statutes serve as evidence of unambiguous statutory rights and the clear public policy of the State of Tennessee.

### CLAIM 3: TENNESSEE PUBLIC PROTECTION ACT RETALIATORY DISCHARGE

81. Plaintiffs adopt and reiterate the allegations contained in paragraphs 1 through 80 as if fully restated herein.

82. The termination of Plaintiffs' employment violated the Tennessee Public Protection Act, T.C.A. §50-1-304, in that Plaintiffs' termination was solely caused by their refusal to remain silent about unpaid commissions owed to them by Defendant.

83. Unpaid wages and misrepresentation of wages are violations of the criminal and civil code of the State of Tennessee pursuant to T.C.A. §50-2-103, T.C.A. §50-2-104 and therefore are "illegal activities" pursuant to T.C.A. §50-1-304(a)(3).

### CLAIM 4: PROMISSORY FRAUD / INTENTIONAL MISREPRESENTATION

84. Plaintiffs adopt and reiterate the allegations contained in paragraphs 1 through 83 as if fully restated herein.

85. Defendant's actions described herein constitute promissory fraud, in that at some point during the employment relationship, Defendant made intentional misrepresentations of

10

facts which were material to the employment relationship with the present intent not to perform. These intentional misrepresentations included but were not limited to:

    a.    The promise to pay commissions of a specific amount when Plaintiffs successfully completed certain transactions.

    b.    The promise to pay bonuses upon attaining certain quantifiable results for Defendant.

86. Defendant had knowledge of the statements' falsity, or Defendant had an utter disregard for its truth.

87. Defendant knew or should have known that Plaintiffs were relying on the statements.

88. Plaintiffs reasonably relied upon the statements made by Defendant to their detriment when they completed the work and Defendant did not pay the commissions and bonuses.

**CLAIM 5: UNJUST ENRICHMENT (IS PLEAD IN THE ALTERNATIVE, AND / OR FOR BENEFITS DEFENDANT RECEIVED AFTER IT TERMINATED PLAINTIFFS)**

89. Plaintiffs adopt and reiterate the allegations contained in paragraphs 1 through 88 as if fully restated herein.

90. Defendant has been unjustly enriched when it terminated Plaintiffs before the real estate closings for which Plaintiffs had already obtained a binding contract.

91. The Plaintiffs conferred a benefit upon the Defendant when they obtained certain quantifiable results for Defendant, including but not limited to: successful transactions, real estate acquisitions, real estate purchases, real estate leases, real estate laydown yards and obtaining certificates of occupancies for properties.

92. The Defendant has appreciated and benefited from Plaintiffs' efforts.

93. Acceptance of such benefit under such circumstances would be inequitable without payment of the value thereof.

**WHEREFORE, PLAINTIFFS RESPECTFULLY PRAY:**

a. That Defendant be served with proper process and be required to answer within the time prescribed by law;

b. That upon the hearing of this cause Plaintiffs be awarded judgment for damages in an amount to be proved at trial;

c. That Plaintiffs be awarded all special damages, consequential damages, incidental damages, and benefit of the bargain damages to which it may be entitled;

d. That Plaintiffs be awarded prejudgment and post-judgment interest; and

e. That Plaintiffs be awarded attorneys' fees, court costs, and such other and further relief as the Court deems proper.

Respectfully submitted,

BURNETTE, DOBSON & PINCHAK

BY: _____
H. Eric Burnette, #24342
Attorneys for Plaintiff
711 Cherry St.
Chattanooga, TN 37402
(423) 266-2121
(423) 266-3324 fax
eburnette@bdplawfirm.com

12

IN THE CHANCERY COURT OF HAMILTON COUNTY, TENNESSEE

MATTHEW BOND, HEIDI VENTO,  :
and MARIO OLIVELLI,  :
  :
  Plaintiffs  :  NO.: 24-0439
  :
vs.  :  PART
  :
EQUIPMENTSHARE.COM INC,  :
  :
  Defendant  :

## COST BOND

The undersigned acknowledges and hereby binds the undersigned for all payment of all costs in this court which may at any time be adjudged against the Plaintiffs in the event said Plaintiffs shall not pay the same if so ordered by this court.

Witness my hand this 25th day of June, 2024.

BURNETTE, DOBSON & PINCHAK

BY: _____, Surety
H. Eric Burnette, #24342
711 Cherry Street
Chattanooga, TN 37402
(423) 266-2121

# CIVIL CASE COVER SHEET

Check one: ☒CHANCERY COURT ☐CIRCUIT COURT Docket N0. **24-0439**

Date 06/26/2024 Attorney of Record H. Eric Burnette

**I. Origin** ☒Original Proceeding ☐Case Reopened ☐Counter-claim ☐Cross-claim ☐3rd Party Claim ☐Intervening Claim
☐Answer/Initial Responsive Pleading ☐Other (Specify)_____

**II. Type of Action (Check one)**

**Domestic Relations**

| | | | |
|---|---|---|---|
| ☐361 Paternity | ☐362 Legitimation | ☐363 Adoption | ☐364 Surrender |
| ☐371 Divorce with minor children | ☐372 Divorce without minor children | ☐381 Order of Protection | ☐391 Interstate Support-Incoming |
| | | | ☐392 Interstate Support-Outgoing |

☐401 Other Domestic Relations (Specify)_____

**General Civil**

| | | | |
|---|---|---|---|
| ☐461 Contract/Debt | ☐462 Specific Performance | ☐471 Damages/Torts | ☐481 Real Estate Matter |
| ☐491 Workers Compensation | ☐501 Probate | ☐511 Juvenile Court Appeal | ☐512 General Sessions Appeal |
| ☐513 Appeal from Admin. Hearing | ☐571 Conservatorship | ☐572 Guardianship | ☐573 Trust |

☒581 Miscellaneous General Civil (Specify) breach of contract/unpaid wages/retaliatory discharge

**Other** ☐541 Judicial Hospitalization

**Petition for: (Reopened Cases)** ☐381 Order of Protection ☐382 Contempt ☐383 Residential Parenting/No Child Support
☐384 Residential Parenting/Child Support ☐385 Child Support ☐387 Wage Assignment Hearing
☐551 Other_____

**III.** Total amount sued for $200,000+ Specific type of damages or relief sought special, consequential, incidental damages

Statutory authority for suit, if any Tenn. Code Ann. Section 50-1-304

**IV.** Check one: ☐Affidavit to proceed *in forma pauperis* ☒Cost Bond Surety H. Eric Burnette

**V.** JURY DEMAND (Check YES only if demanded in complaint) ☐YES ☒NO

**VI.** RELATED CASES (if any) Docket N0._____ Judge_____

Date filed_____ Status_____

**VII. PLAINTIFF/PETITIONER INFORMATION** (List additional parties on supplemental form.)

1. Name Bond Matthew

Last First Middle

☐AKA ☐DBA ☐BNF_____

DOB 07/12/1988 Driver's License #_____

| | |
|---|---|
| COMPANY NAME | |
| 2112 Vine Street | H. Eric Burnette 24342 |
| ADDRESS | ATTORNEY BPR # |
| Chattanooga TN 37404 | 711 Cherry Street |
| CITY STATE ZIP | ADDRESS |
| | Chattanooga TN 37402 |
| EMPLOYER | CITY STATE ZIP |
| | 423-266-2121 |
| ADDRESS | PHONE |
| CITY STATE ZIP | |

**VIII. DEFENDANT/RESPONDENT INFORMATION** (List additional parties on supplemental form.)

1. Name_____

Last First Middle

☐AKA ☐DBA ☐BNF_____

DOB_____ Driver's License #_____

| | |
|---|---|
| EquipmentShare.com Inc | |
| COMPANY NAME | |
| 5710 Bull Run Drive | ATTORNEY BPR # |
| ADDRESS | |
| Columbia MO 65201 | ADDRESS |
| CITY STATE ZIP | |
| EMPLOYER | CITY STATE ZIP |
| ADDRESS | PHONE |
| CITY STATE ZIP | |

**TYPE OF SERVICE REQUIRED**

☐ Out of County Sheriff_____ ☐Publication (specify)_____

☐ Local Sheriff ☒Other (specify) Plaintiff will serve via certified mail

☐Secretary of State Special Instructions_____

☐Comm. Of Ins. _____

**IX. ASSOCIATED PARTY (Uninsured Motorist Carrier) INFORMATION**

1. Name_____ Address_____

Type of Service (specify)_____

Are additional plaintiffs or defendants listed on a separate sheet? ☒YES☐NO

[Form 022, Rev. 2002.08.05]

# SUPPLEMENTAL
## CIVIL CASE COVER SHEET
## ADDITIONAL PARTIES INFORMATION

Check One: ☒ Plaintiff/Petitioner    ☐ Defendant/Respondent    ☐ Associated Party    Docket N0._____

1. Name_____Vento_____Heidi_____
              Last                        First                Middle

☐AKA    ☐DBA    ☐BNF_____

DOB____11/10/1965_____    Driver's License #_____

COMPANY NAME_____

569 Sun Valley Road_____ | H. Eric Burnette _____ 24342 _____
ADDRESS | ATTORNEY | BPR #
Chattanooga_____ TN____ 37419___ | 711 Cherry Street_____
CITY                 STATE   ZIP | ADDRESS
_____ | Chattanooga_____ TN____ 37402___
EMPLOYER | CITY              STATE   ZIP
  | (423) 266-2121_____
ADDRESS | PHONE
CITY                 STATE   ZIP

TYPE OF SERVICE REQUIRED
☐Out of County Sheriff_____    ☐Publication (specify)_____
☐Local Sheriff    ☐Other (specify)_____
☐Secretary of State    Special Instructions_____
☐Comm. Of Ins.    _____

---

Check One:    ☒ Plaintiff/Petitioner    ☐ Defendant/Respondent    ☐ Associated Party

1. Name_____Olivelli_____Mario_____
              Last                        First                Middle

☐AKA    ☐DBA    ☐BNF_____

DOB____11/15/1956_____    Driver's License #_____

COMPANY NAME_____

1001 Norfolk Green Circle_____ | H. Eric Burnette _____ 24342 _____
ADDRESS | ATTORNEY | BPR #
Chattanooga_____ TN____ 37421___ | 711 Cherry Street_____
CITY                 STATE   ZIP | ADDRESS
_____ | Chattanooga_____ TN____ 37402___
EMPLOYER | CITY              STATE   ZIP
  | (423) 266-2121_____
ADDRESS | PHONE
CITY                 STATE   ZIP

TYPE OF SERVICE REQUIRED
☐Out of County Sheriff_____    ☐Publication (specify)_____
☐Local Sheriff    ☐Other (specify)_____
☐Secretary of State    Special Instructions_____
☐Comm. Of Ins.    _____

---

Check One:    ☐ Plaintiff/Petitioner    ☐ Defendant/Respondent    ☐ Associated Party

1. Name_____
              Last                        First                Middle

☐AKA    ☐DBA    ☐BNF_____

DOB_____    Driver's License #_____

COMPANY NAME_____

ADDRESS_____ | ATTORNEY _____ BPR #
CITY                 STATE   ZIP | ADDRESS
EMPLOYER | CITY              STATE   ZIP
ADDRESS | PHONE
CITY                 STATE   ZIP

TYPE OF SERVICE REQUIRED
☐Out of County Sheriff_____    ☐Publication (specify)_____
☐Local Sheriff    ☐Other (specify)_____
☐Secretary of State    Special Instructions_____
☐Comm. Of Ins.    _____

[Form 023, Rev. 2002.08.05]